

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00200-CV

———————————————————

BRUCE DWAIN COPELAND, Appellant

V.

SERGIO LUJAN, Appellee

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-319219-20

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellee Sergio Lujan sued Appellant Bruce Dwain Copeland and others in the trial court. Several months later, the trial court issued a written notice of intent to dismiss the case for want of prosecution absent a showing of good cause for retaining it. *See* Tex. R. Civ. P. 165a(1). In response to the notice, Lujan filed a verified motion to retain the case on the docket, and the trial court granted it. Copeland attempts to appeal the order granting Lujan's motion. The case remains pending in the trial court.

On July 6, 2021, we notified the parties of our concern that we lack jurisdiction over this appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We warned that we could dismiss the appeal absent a response by July 16, 2021, showing grounds for continuing the appeal. We received no response to our letter.

This court has appellate jurisdiction only over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. A final judgment is one that disposes of every pending claim and party. *See Lehmann*, 39 S.W.3d at 205.

The order appealed retains the case on the trial court's docket. It therefore does not dispose of every pending claim and party and thus is not a final judgment. *See id.* Further, an order granting a motion to retain a case on the trial court's docket is not an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *cf.*

2

*Blair v. Hutchison*, No. 02-21-00132-CV, 2021 WL 2586615, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet. h.) (mem. op.) (holding order granting motion to reinstate under Rule 165a(3) is neither a final judgment nor an appealable interlocutory order).

Because the order Copeland attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: August 19, 2021